UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br><br>ARC Venture Holding, Inc., et al.,<br><br>    Debtors.[a] | BKY Case No.: 08-46367<br><br>Chapter 7<br>(Jointly Administered) |
| Brian F. Leonard, Trustee,<br><br>    Plaintiff,<br><br>vs.<br><br>T-Rex Trucking, Inc.,<br><br>    Defendant. | Adv. No.: 10-4491<br><br>**SETTLEMENT AGREEMENT** |

In consideration of the covenants and provisions contained herein and other good and valuable consideration, Brian F. Leonard, Plaintiff and Trustee of the Estate of ARC Venture Holding, Inc., Southwest-Tex Leasing Co., Inc. d/b/a Advantage Rent-A-Car, and jointly administered cases ("Trustee"), and Defendant T-Rex Trucking, Inc., through their undersigned counsel, have entered into this Settlement Agreement ("Agreement"). This Agreement settles all claims the Trustee asserted in *Brian F. Leonard, Trustee v. T-Rex Trucking, Inc.*, ADV. No. 10-4491 (Bankr. D. Minn.).

WHEREAS, on November 22, 2010, the Trustee filed and served a complaint to avoid Southwest-Tex Leasing Co., Inc.'s transfer of $14,010.00 to T-Rex Trucking, Inc. under 11

---

[a] Jointly administered estates of the following Debtors: ARC Venture Holding, Inc., Case No. 08-46367; Southwest-Tex Leasing Co., Inc., d/b/a Advantage, Case No. 08-46368; Advantage Rent-A-Car, Inc., Case No. 08-46369; Coast Leasing Corp., Case No. 08-46370; Floral Leasing Corp., Case No. 08-46371; Iliad Leasing Corp., Case No. 08-46372; Miso Leasing Corp., Case No. 08-46373; Nugget Leasing Corp., Case No. 08-46374; Okra Leasing Corp., Case No. 08-46375; Rainier Leasing Corp., Case No. 08-46376; San Antonio Rental & Leasing Co., Inc.; Case No. 08-46377; Steamboat Springs Rental and Leasing Co., Inc., Case No. 08-46379; Sun Leasing Corporation, Case No. 08-46380; Tradewinds U-Drive, Inc., Case No. 08-46383 Ute Leasing Corporation, Case No. 08-46384; Advantage Licensing LLC, Case No. 09-40394.

U.S.C. §§547 and 550. T-Rex Trucking, Inc. denies all liability on the claims and asserts various defenses. Because continued litigation would require extensive proof of factual matters and would be costly to the Bankruptcy Estate and to T-Rex Trucking, Inc., the parties believe it is in their best interest and the best interest of creditors of the Bankruptcy Estate to settle all claims in this adversary proceeding.

NOW THEREFORE, THE TRUSTEE AND T-REX TRUCKING, INC. STIPULATE AND AGREE:

1. T-Rex Trucking, Inc. shall pay the Trustee Three Thousand Dollars ($3,000.00) ("Settlement Funds") in two installments, with the first installment of $1,500.00 due on February 15, 2011, and the second and final installment of $1,500.00 due April 15, 2011, in full satisfaction of the Trustee's claims. The Settlement Funds shall be made payable to "Brian F. Leonard, Trustee", and shall be sent to the Trustee's counsel, Andrea M. Hauser, Leonard, O'Brien, Spencer, Gale and Sayre, Ltd., 100 South Fifth Street, Suite 2500, Minneapolis, MN 55402.

2. Upon the Trustee's receipt of the Settlement Funds, the Trustee will deposit the Settlement Funds into his trustee account, and upon payment of the Settlement Funds in full, the Trustee will notice the settlement to creditors and parties in interest under the Local Bankruptcy Rules, Bankruptcy Rule 9019, and other applicable rules as soon as practicable.

3. If any creditor or party in interest objects upon notice, and if the Bankruptcy Court does not approve the Agreement, the Trustee will immediately return all Settlement Funds to counsel for T-Rex Trucking, Inc., Robert E. Hudson, 1111 Katy Freeway, Suite 910, Houston, Texas, 77079, and the parties will no longer be bound to or be prejudiced by this Agreement and will return to their prior rights, claims and positions in this bankruptcy proceeding.

4. Upon payment of the Settlement Funds and the Bankruptcy Court's approval of this Agreement, the Trustee releases and discharges T-Rex Trucking, Inc. and its respective successors and assigns, and its officers, directors, shareholders, members, participants, managers, employees, agents, representatives, parents, subsidiaries, insurers and attorneys, from all actions that the Trustee had, has or in the future may have against them arising out of or in connection with any fact alleged or that could have been alleged in this adversary proceeding. The Trustee is unaware of any other existing claims that the Bankruptcy Estate may assert against T-Rex Trucking, Inc.

5. For good and valuable consideration, the receipt of which is hereby acknowledged, and upon the Bankruptcy Court's approval of this Agreement, T-Rex Trucking, Inc. releases and discharges the Trustee from all actions that it had, has, or in the future may have arising out of the Trustee's actions prior to the date of this Agreement in connection with this adversary proceeding. T-Rex Trucking, Inc. is unaware of any existing claims that it may assert against the Trustee or the Bankruptcy Estate with the exception of T-Rex Trucking, Inc.'s right to amend its proof of claim no. 49-1 filed in this bankruptcy to reflect the payment of the Settlement Funds under 11 U.S.C. §502(h).

6. Upon the Bankruptcy Court's approval of this Agreement, pursuant to Bankruptcy Rule 7041(a) and Fed. R. Civ. P. 41(a), the Court may enter an order dismissing the adversary proceeding with prejudice. Each party shall be responsible for its own costs and attorneys' fees.

7. If the Bankruptcy Court does not approve this Agreement, nothing contained herein shall constitute an admission by any party hereto, nor shall anything contained herein constitute a waiver of any claims or issues by any of the parties.

8. It is specifically understood and agreed that the consideration hereinfore recited is in full, final, and complete compromise, settlement, accord, and satisfaction of disputed claims;

JAN/31/2011/MON 12:08 PM    Anchor Exec Center        FAX No. 713 973 5777              P. 006

and there are no covenants, promises, or undertakings outside of this Agreement other than as specifically set forth herein.

9. This Agreement shall be construed under the laws of the State of Minnesota and the parties irrevocably consent to the jurisdiction of the U.S. Bankruptcy Court, District of Minnesota, with respect to any action to enforce the terms and provisions of the Agreement.

10. This Agreement shall not be amended or otherwise altered except by a writing that is signed by the parties' authorized representatives and their respective legal counsel.

11. This Agreement is valid if executed in counterparts, which if read together, constitute a fully executed Agreement.

| LEONARD, O'BRIEN, SPENCER, GALE & SAYRE, LTD. | T-REX TRUCKING, INC. |
|---|---|
| By: *(signature)* <br> Andrea M. Hauser   #207469 <br> 100 South Fifth Street <br> Suite 2500 <br> Minneapolis, MN 55402 <br> (612) 332-1030 <br> ahauser@losgs.com <br> Attorneys for Brian F. Leonard, Trustee | By: *(signature)* <br> Robert E. Hudson <br> 1111 Katy Freeway <br> Suite 910 <br> Houston, Texas 77057 <br> (713) 972-5730 <br> rehudson208@yahoo.com <br> Attorney for T-Rex Trucking, Inc. |
| Dated: January 26, 2011 | Dated: January 31, 2011 |

433870